IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 13-cv-00926-LTB-KLM

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, As Subrogee
  and Assignee for, THE HAIN CELESTIAL GROUP, INC.,

        Plaintiff,
v.

GUARANTY BANK AND TRUST COMPANY,
JEFFREY M. WAGNER,
JOHN D. WAGNER,
KRISTIE WAGNER,

        Defendants.
_____

ORDER
_____

This matter is before me on a Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted Or, in Partial Alternative, for More Definite Statement filed by Defendant Guaranty Bank and Trust Company ("Guaranty Bank") [**Doc #19**], and on a Cross-Motion to Amend the Complaint filed by Plaintiff National Union Fire Insurance Company of Pittsburgh, PA, as subrogee and assignee for The Hain Celestial Group, Inc. [**Doc #25**]  Oral arguments would not materially assist me in my determination.  After consideration of the parties' arguments, and for the reason stated, I GRANT the Cross-Motion to Amend the Complaint filed by Plaintiff, and I GRANT IN PART AND DENY IN PART the Motion To Dismiss filed by Guaranty Bank pursuant to Fed. R. Civ. P. 12(b)(6).

**I. Background**

In its Complaint, Plaintiff – an insurance company – alleges that it issued a Crime Loss Insurance Policy to Hain Celestial Group, Inc. ("Hain"), the parent company of Celestial

Seasonings. In September of 2006, Celestial Seasonings hired Defendant Jeff Wagner as a Distribution Manager, where he remained employed in that capacity until June of 2012. Plaintiff contends that during his employment, Jeff Wagner embezzled monies from Celestial Seasonings by submitting over two hundred fraudulent freight invoices to his employer for payment to a fictional freight vendor named "JDW." Celestial Seasonings paid most of those invoices, via corporate checks, in the aggregate amount of $1,787,987.70. The checks were made payable to JDW and were mailed to the address provided on JDW's vendor application to Celestial Seasonings, which was actually the residential address of John D. and Patricia Jean Wagner (Jeff Wagner's parents). The Wagners (Defendants Jeff Wagner, John D. Wagner and Kristie Wagner) endorsed the checks issued by Celestial Seasonings to JDW and deposited them into one or more of their personal bank accounts at Defendant Guaranty Bank. After discovering the embezzlement, Hain submitted a claim to Plaintiff under its Crime Loss Insurance Policy for the sums paid by Celestial Seasonings to JDW on the fraudulent invoices. Thereafter, Hain agreed to a full settlement of its loss claim with Plaintiff, and executed an Assignment and Release pursuant to which it assigned to Plaintiff all rights to pursue the claims raised here against the Wagners and Guaranty Bank.

As a result, Plaintiff filed this action against Guaranty Bank and the Wagners as Hain's subrogee. In its complaint, Plaintiff alleges three claims for relief against Guaranty Bank for: 1) Negligence; 2) Breach of Warranties and Obligations under Articles 3 and 4 of the Colorado Uniform Commercial Code ("UCC"); and 3) Conversion. In addition, Plaintiff raises three claims for relief against the Wagners for: 4) Unjust Enrichment; 5) Conversion; and 6) Theft Pursuant to Colo Rev. Stat. Section 18-4-405. [Doc #1] The motions at issue here relate only to

the claims raised against Guaranty Bank.

## II.  Motion to Amend

As an initial matter, I first address Plaintiff's Cross-Motion for Leave to Amend the Complaint.  Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires" and, as such, "refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West*, *Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  The grant or denial of an opportunity to amend is within the discretion of the District Court.  *Foman v. Davis, supra*, 371 U.S. at 182.

In its motion to amend, Plaintiff avers that after it filed its complaint in this matter, Bank of America – Celestial Seasonings' bank from which the checks paid to JDW were drawn – agreed, on June 14, 2013, to transfer to Plaintiff any rights, claims, title and interest it may have against Defendant Guaranty Bank.  Plaintiff now seeks leave to amend its complaint to add this relevant fact in order to supplement its Breach of Warranties and Obligations/UCC claim (Second Claim for Relief) against Guaranty Bank.  Specifically, Plaintiff asserts that each of the checks fraudulently deposited into the Wagners' personal accounts at Guaranty Bank were drawn from a Celestial Seasonings bank account at Bank of America [Doc #25-2 ¶ 28], and that Bank of America "paid the unauthorized checks containing forged endorsements" pursuant to the warranties given by Guaranty Bank to Bank of America.  [Doc #25-2 ¶ 29]

Based on these additional factual allegations, Plaintiff's proposed amendment to its complaint seeks to alter its Second Claim for Relief to allege that Guaranty Bank's acceptance and deposit of the relevant checks – which it alleges contained forged or unauthorized endorsements – into the personal accounts of the Wagners, breached the warranties given to Bank of America in violation of provisions of the Colorado UCC (Colo. Rev. Stat. §§ 4-3-416, 4-3-417, 4-4-207, and 4-4-208) that obligated Guaranty Bank to only accept deposits that contained proper endorsements. And, as discussed above, Bank of America has now transferred its rights and claims against Guaranty Bank to Plaintiff. [Doc #25-2 ¶ 45-46] In addition, Plaintiff's proposed amended complaint seeks to drop its claim for Conversion (Third Claim for Relief) against Guaranty Bank.

Guaranty Bank opposes Plaintiff's request on the basis that the requested amendment would be futile in that Plaintiff's proposed amended complaint still fails to state a claim against Guaranty Bank. In this case, "[t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim" under Rule 12(b)(6). *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citations omitted). And I note that Rule 15(a) has consistently been interpreted – in the light of the policy which favors the resolution of claims on the merits rather than on procedural grounds – to require that amendments be freely allowed in the absence of a narrowly defined set of exceptional circumstances. *Arkansas-Platte & Gulf Partnership v. Dow Chemical Co.*, 886 F.Supp. 762, 765 (D. Colo. 1995); *see also Foman v. Davis, supra*, 371 U.S. at 182. Accordingly, I grant the motion to amend and address the motion to dismiss by considering the additional facts and allegations as alleged by Plaintiff in its proposed Amended Complaint. [Doc #25-2]

### III.  Motion to Dismiss

In its Motion to Dismiss, Guaranty Bank assets that the claims against by Plaintiff must be dismissed under Fed. R. Civ. P. 12(b)(6), which states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  "While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a [party's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* 550 U.S. at 556 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.; see also Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

In deciding a Rule 12(b)(6) motion to dismiss, I am to assume as true all well-pleaded factual allegations and views them in the light most favorable to the nonmoving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions.'" *Khalik v. United Airlines*, 671 F.3d 1188, 1190 (10th Cir. 2012)(*quoting Ashcroft v. Iqbal*, *supra*, 556 U.S. at 677).

My decision under Rule 12(b)(6) to dismiss a complaint for failure to state a claim is reviewed *de novo*, although the plaintiff has the burden of pleading facts that plausibly establish

a right to relief. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). A district court's dismissal of a complaint for failure to state a legally cognizable claim under Rule 12(b)(6) is a legal determination that is likewise reviewed *de novo*. *Dobbs v. Anthem Blue Cross & Blue Shield,* 475 F.3d 1176, 1177 (10th Cir. 2007).

**A. Conversion Claim**

As an initial matter, because I have granted Plaintiff's motion seeking leave to file an amended complaint which, in turn, drops its common-law claim for Conversion (Third Claim for Relief) against Guaranty Bank, I deny its motion to the extent it seek dismissal of this claim under Rule 12(b)(6) as moot.

**B. Negligence Claim**

I next address Guaranty Bank's assertion that Plaintiff's claim for Negligence (First Claim for Relief) must be dismissed under Rule 12(b)(6) on the basis that it cannot show the existence of a legal duty owed by Guaranty Bank because it is undisputed that Celestial Seasonings was not Guaranty Bank's customer, and it is well established under Colorado law that a bank does not owe any duty to a non-customer.

In support of its argument, Guaranty Bank refers me to *Weil v. First National Bank of Castlerock,* 983 P.2d 812 (Colo. App. 1999), in which a panel of the Colorado Court of Appeals declined to adopt or create a legal duty owed by a bank to a non-customer. In that case, the plaintiff owned an insurance agency that did business as "CWI Insurance." Plaintiff's office manager opened a checking account at First National Bank– in her own name "d/b/a CWI Insurance" – and then used that account in a scheme to embezzle funds from CWI Insurance's legitimate business accounts. The plaintiff/insurance agency in that case brought suit against

First National for negligence and gross negligence, and the trial court entered summary judgment in favor of First National. *Weil v. First National, supra,* 983 P.2d at 813. On appeal, the Colorado Court of Appeals upheld the summary judgment ruling by agreeing with the trial court that First National did not owe a duty of care to the plaintiff, as a non-customer.

In so doing, the *Weil v. First National* Court noted that the plaintiff failed to cite any authority, and the court found none, to support his argument that the bank owed him any duties and, in addition, courts in other jurisdictions "have generally held that a bank does not owe such duties of care to a noncustomer." 983 P.2d at 814 (citations omitted). Furthermore, the Court held that:

> [W]e decline to create a new common law duty burdening banks and financial institutions with a duty to inquire into a customer's authority to use an unregistered trade name. It would be unreasonable to require banks to make an independent investigation of their customers' authority to use any particular unregistered trade name; and, a duty to inquire only of the customer would not prevent the kind of harm plaintiff suffered here.

*Id.* at 814. As a result, the Court concluded that "under the circumstances presented here, First National did not owe a duty to plaintiff to inquire into the legitimacy of the use of an unregistered trade name by the office manager . . .". *Id.* at 815.

Plaintiff, in response, argues that its negligence claim should not be dismissed because "under certain circumstances, a bank may owe a duty of care to a non-customer." In support of this assertion, Plaintiff argues that the holding in *Weil v. First National Bank, supra,* is limited to cases in which the alleged duty breached involved the Bank's failure to properly investigate or verify the office manager's authority to open and deposit funds into a checking account in her own name "d/b/a CWI Insurance" to then embezzle funds from her employer (the plaintiff). Plaintiff argues that here, in contrast, Guaranty Bank improperly allowed the Wagners to deposit

7

funds from Celestial Seasonings checks into their own personal accounts (as opposed to an bank account using an unregistered trade name) that did not match the name of the payee (JDW) designated on the check.  Thus, it argues that the holding in *Weil v. First National, supra,* is not dispositive.

I find this distinction to be immaterial, and I note that Plaintiff has referred me to no legal authority that has recognized such duty.  Rather, the case law is replete with the ruling that banks do not owe a duty of care to non-customers. *See Public Service Co. of Oklahoma v. A Plus, Inc.,* 2011 WL 3329181 (W.D. Okla. 2011)(unpublished)(noting that "Courts in numerous jurisdictions have held that a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship")(*quoting Eisenberg v. Wachovia Bank, N.A.,* 301 F.3d 220, 225 (4th Cir. 2002)).  I disagree with Plaintiff to the extent that it argues that the facts here fulfill or constitute a so-called "extraordinary circumstances exception" to the rule that a bank does not owe a duty of care to a non-customer.  *See Volpe v. Fleet Nat'l Bank*, 710 A.2d 661, 664 (R.I. 1998)(indicating that the rule is "absent extraordinary circumstances a bank is not liable in negligence to a noncustomer payee for having failed to ascertain whether a check paid by it bears the payee's genuine indorsement but is liable to its customer for the mishandling of that customer's account").

Rather, I agree with Guaranty Bank that the holding and reasoning in *Weil v. First National, supra,* is on point and governs this case.  *See also Sigler v. Doe*, No. 10-cv-01794-LTB-BNB, 2011 WL 4829659 (D. Colo. 2011)(relying on *Weil v. First National* when dismissing a negligence claim against a depositary bank on the grounds that the bank owed no duty of care to a non-customer).  It is undisputed that Celestial Seasonings had no relationship

with Guaranty Bank, and was not Guaranty Bank's customer.  Therefore, as a matter of law, Plaintiff has alleged no facts which plausibly demonstrate that Guaranty Bank owed any duty of care to Celestial Seasonings or to Plaintiff.  *See Weil v. First National, supra*, 983 P.2d at 814)("[w]hether a defendant owes a legal duty is a question of law for the court to resolve").

### C.  Breach of UCC Claims

Finally, I address Guaranty Bank's assertion that Plaintiff has failed to state a claim that Guaranty Bank breached its warranties and obligations under the Colorado UCC (Third Claim for Relief) by accepting "hundreds of checks for deposit . . . that contained forged endorsements of the payees' signatures."

In its initial complaint, Plaintiff averred that Guaranty Bank breached "several [Colorado UCC] warranties and obligations . . . by allowing checks made payable to a corporation to be deposited into the Wagners' personal account, despite forged endorsements on each check" and that Plaintiff "suffered damages as a result."  In its motion to dismiss, Guaranty Bank asserted that, as a matter of law, it did not make any transfer or presentment warranties to Plaintiff (or, actually, to Celestial Seasoning as the "drawer" of the cashed checks), but rather that any such warranties were to the transferee of an instrument or, perhaps, the drawee bank who was ordered to make a payment.  *See generally* Colo. Rev. Stat. §4-3-417, §4-4-208, and *Cassello v. Allegiant Bank*, 288 F.3d 339, 341 (8th Cir. 2002)(noting that "the depositary bank that presents a check for payment makes no warranty to the drawer")(citation omitted).  Plaintiff accurately argued that Guaranty Bank failed to provide any legal authority supporting its claim that Guaranty Bank (as the depository bank) owed to Celestial Seasonings (as the drawer of checks) any warranties or obligations under the Colorado UCC related to its deposit of those checks into its customers'

accounts.

After the motion to dismiss was filed, Plaintiff sought (and has been granted) leave to amend it complaint in order to assert that Guaranty Bank breached the transfer or presentment warranties it owed to Bank of America – to only accept deposits that contained proper endorsements – and that Bank of America has, in turn, assigned to Plaintiff its claims against Guaranty Bank for such breaches. As such, the nature of Plaintiff's Colorado UCC violations claim has changed from alleged breach of general warranties and obligations owed by Guaranty Bank to Plaintiff, to alleged breach of transfer or presentment warranties specifically owed by Guaranty Bank to Bank of America.

Guaranty Bank does not dispute, for the purposed of this motion, that it may have breached its transfer warranties to Bank of America; instead, it challenges the validity and applicability of the assignment by Bank of America of its related claims to Guaranty Bank. Guaranty Bank now asserts that Plaintiff's Colorado UCC violations claim fails as a matter of law – even after assignment of those claims from Bank of America to Plaintiff – because Bank of American did not pay Plaintiff for its release of claims and, thus, even if Plaintiff could validly assert any breach of warranty claims by virtue of the assignment, it cannot recover damages. Guaranty Bank refers me to only one Minnesota Court of Appeals case to support its argument. *See Geldert v. American Nat'l. Bank*, 506 N.W.2d 22, 29 (Minn. App. 1993)(ruling that "a payor bank's breach of warranty claim against a depositary or collecting bank is for indemnification and limited to the loss actually incurred").

Plaintiff disagrees that a payor bank's breach of warranty claim against a depository bank is for indemnification and – as such – is limited to the loss actually incurred. Moreover, it

asserts that the release and assignment between Plaintiff and Bank of America was not gratuitous. Plaintiff argues that a Colorado Court of Appeals has held that a bank that accepts and pays a check with an unauthorized or forged endorsement warrants to subsequent transferees the validity of that endorsement and, thus, may be held liable under Colo. Rev. Stat. §4-4-207. *See Vectra Bank v. Bank W.*, 890 P.2d 259, 262 (Colo. App. 1995)(*citing Thieme v. Seattle-First National Bank*, 502 P.2d 1240 (Wash. App. 1972)("[t]he purpose of the warranty is to place on the bank taking an instrument from a person making an unauthorized endorsement the responsibility of collecting from that person"); Colo. Rev. Stat. §4-4-207(a)(2)(a "collecting bank that transfers an item and receives a settlement or other consideration warrants to the transferee and to any subsequent collecting bank that . . . All signatures on the item are authentic and authorized"). As such, it maintains that when the complaint, as amended, is viewed in its favor it has stated a plausible claim for relief.

     I agree with Plaintiff that, at this point in the litigation, that it has asserted facts that support a plausible claim for relief on the basis that Guaranty Bank breached transfer or presentment warranties – as provided for by the Colorado UCC – it owed to Bank of America by accepting and presenting for payment Celestial Seasonings checks which, it alleges, contained forged or unauthorized endorsements of the payees' signatures.

ACCORDINGLY, for the reasons stated above, it is ORDERED as follows:

1) I GRANT the Cross-Motion to Amend the Complaint filed by Plaintiff National Union Fire Insurance Company [**Doc #25**] and, as such, Plaintiff the Proposed Amended Complaint and Jury Demand [Doc # 25-2] is accepted for filing as of the date of this order; and

2) I GRANT IN PART AND DENY IN PART the Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted Or, in Partial Alternative, for More Definite Statement, filed by Defendant Guaranty Bank and Trust Company [**Doc #19**] as follows:  I GRANT the request to dismiss the First Claim for Relief against Guaranty Bank for Negligence; I DENY the request to dismiss the Second Claim for Relief against Guaranty Bank for Negligence; and I DENY AS MOOT the request to dismiss the Third Claim for Relief against Guaranty Bank for Conversion.

Dated: September 26, 2013,  in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge