## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00926-LTB-KLM

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

      Plaintiff,

v.

GUARANTY BANK AND TRUST COMPANY,
*et al.*,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Upon the agreed motion by Defendant Guaranty Bank and Trust Company, and stipulation by all parties, for entry of a protective order pursuant to Fed. R. Civ. P. 26(c), to ensure and maintain the confidentiality of certain documents and records produced by Plaintiff or Defendants in connection with this action, and for good cause shown, the Court hereby finds that documents and information that may be produced or required to be produced by Plaintiff or Defendants in this case will or may include, without limitation, financial records and information, account records and information, banking and lending records, bank policies and procedures, employee records and files, social security numbers, tax identification numbers and other confidential or proprietary commercial information and confidential personal information such that there is potential for harm because of intrusion on privacy interests, all of which

warrants entry of a protective order to ensure and maintain the confidentiality of said information by restricting disclosure and use of the same.

WHEREFORE, IT IS HEREBY ORDERED that the following terms and conditions shall govern the disclosure and use of information produced in this case:

4.      All materials and all copies, transcriptions, or other reproductions of materials, including electronically stored information, produced in response to any discovery request or otherwise disclosed or obtained in connection with this case (collectively "materials"), which are designated as "Confidential" under the terms hereof, shall be subject to the provisions of this Protective Order.

5.      Any party to this action, counsel for any party to this action, and any non-party upon compliance with paragraph 14 below, may designate as "Confidential" any materials produced in this action that the producing party believes contain any confidential or proprietary commercial information or any confidential personal information, including, without limitation, financial records and information, account records and information, banking and lending records, bank policies and procedures, employee information, social security numbers and tax identification numbers (collectively, "Confidential Information"). Any copies or reproductions, excerpts, transcriptions, summaries or other documents or media that paraphrase, excerpt, or contain Confidential Information shall also be treated as Confidential Information pursuant to this Protective Order.

6.      Materials and the contents of materials designated "Confidential" shall be used for purposes of this action only and for no other purpose, and shall not, without leave of this Court, be disclosed other than as authorized pursuant to paragraph 4 below. However, direct or indirect

2

reference to materials designated "Confidential," by title of the document or by some other basic identifying characteristics only, shall not constitute a violation of, or a waiver of, the protections afforded by this Protective Order.

7.      Materials designated "Confidential" may only be disclosed to, and used by:

(a)      Counsel for the parties in this action, and persons regularly employed in the office of such counsel;

(b)      In-house counsel for each of the parties;

(c)      The parties and those present officers, directors, members, managers and employees of any party whose access to Confidential Information is necessary for the purpose of assisting that party in this litigation;

(d)      Other witnesses and their counsel during the course of a deposition, in accordance with the procedures described in paragraph 10 below;

(e)      Court reporters in connection with this case;

(f)      Mediators in connection with this case;

(g)      Experts, consultants, or vendors who are employed or retained by a party or its counsel in this action;

(h)      The Court and court personnel engaged in such proceedings as are necessarily incident to this litigation, so long as the materials are submitted to the Court under seal; and

(i)      Any other person as to whom the party or non-party producing the Confidential Information has consented to disclosure in advance and in writing, on notice to each party hereto.

8.     Persons described in paragraphs 4(a), 4(b), 4(c), 4(e) and 4(h) above shall be deemed bound by the terms of this Protective Order upon its entry by the Court.  In no event shall any materials marked "Confidential" and produced subject to this Protective Order be disclosed to any person listed in sub-paragraphs 4(d), 4(f) and 4(g) unless such person has agreed to be bound by the terms of this Protective Order by executing a Declaration in the form attached hereto in advance of any disclosure to such person.  Counsel for the party that supplies such materials to authorized recipients shall first inform such recipients that the materials are being disclosed pursuant to the terms of this Protective Order and may not be used or disclosed other than pursuant to the terms hereof, and shall be responsible for first obtaining and maintaining any Declaration required hereunder.  Counsel for any party shall have the right to a copy of executed Declarations upon making a reasonable written request to another party, except for consulting experts and with respect to testifying experts only after the time for disclosure of such experts has been triggered under the case management order for this case or by rule or discovery request.

9.     If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Protective Order.

10.    Inadvertent production of or failure to designate any information as Confidential Information shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential Information as appropriate. However, such a

4

designation shall operate prospectively only (unless the parties agree otherwise in writing) and any disclosure of such information prior to such a designation shall not be considered a violation of this Protective Order.

11.     If information subject to a claim of attorney-client privilege or work product is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege for such information.  If a party has inadvertently produced information subject to a claim of privilege, upon timely written request made by the producing party after discovery of such inadvertent production, the information, including all copies, may be promptly returned.  If a receiving party objects to the return of such information, the producing party may move the Court for an order compelling the return of such information (which Motion may be filed under seal).  Pending the Court's ruling, a receiving party may retain the inadvertently produced information in a sealed envelope and shall not make any use of such information.  If the Court does compel return of such information, then all copies of the inadvertently produced information shall be promptly returned, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged.

12.     All materials that are subject to protection under this Protective Order that are introduced in evidence or submitted to the Court, including on any appeal, shall be filed under seal unless the parties agree otherwise or unless the Court permits filing or introduction into evidence or submission to the Court not under seal.

13.     In the event materials or the contents of materials designated "Confidential" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or

entity pursuant to sub-paragraph 4(d) above, the deponent and his/her/its counsel shall be required to acknowledge on the record that he or she has been advised of and has agreed to be bound by the terms of this Protective Order, and shall further be required to execute the attached Declaration in advance of any disclosure to such person or entity. The Confidential Information may not be disclosed to the deponent or counsel absent full compliance with the foregoing.

14.     Any party may designate as "Confidential" a deposition in which materials or the contents of materials designated as "Confidential" are discussed or disclosed. Testimony taken at a deposition may be designated as "Confidential," in whole or part, by making a statement to that effect on the record at the deposition, or by written designation of the portions of the deposition designated as "Confidential" within 30 days after receipt of the deposition transcript by the party making the designation. For purposes of permitting such designations, all deposition testimony in this matter shall be deemed "Confidential" and subject to this Protective Order until and including 30 days after receipt of the deposition transcript by all parties or their counsel. No portion of any transcript of any deposition designated as "Confidential" shall be disclosed to any person or entity except as provided in this Protective Order.

15.     Nothing in this Protective Order shall be construed to preclude the party or non-party producing any materials designated "Confidential" from seeking additional protection for such materials or the contents of such materials. Likewise, nothing in this Protective Order shall prejudice the right of any party or non-party to seek relief from or modification to the requirements of this Protective Order for any purpose deemed sufficient by the Court for seeking such relief or modification, including but not limited to an order that information or documents designated as "Confidential" may be treated as not confidential. Moreover, any party or non-

party may consent that materials it produced in this case and designated "Confidential" may be removed from the scope of this Protective Order in whole or part. Such consent shall be given in a writing addressed to counsel for all parties.

16.     This Protective Order, to the extent it restricts the depositing, disclosure, discussion, identification, and use of materials and the contents of materials designated "Confidential," shall be binding throughout and after final adjudication of this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs. Within (30) days after final adjudication of this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs, or final settlement of this action, any producing party or non-party may request that any materials it produced and all copies of such materials that are designated as "Confidential" be destroyed, which request shall be honored. The possessing party shall provide the producing party or non-party written certification that the destruction has been completed.

17.     Any non-party producing documents in this case pursuant to subpoena or otherwise may receive the benefits of and be bound by the terms of this Protective Order by stipulating assent thereto in a writing addressed to counsel for the parties.

18.     Nothing in this Protective Order constitutes a finding or admission that any document or information labeled Confidential Information is in fact confidential, proprietary or otherwise not subject to disclosure pursuant to applicable law. Any party may bring before the Court at any time the question of whether any particular Confidential Information does, in fact, contain confidential material or the question of whether this Protective Order should be modified. *All disputes regarding whether information has been properly designated as "confidential" shall be handled in accordance of MJ Mix's discovery dispute procedures.*     KLM

19.    This Protective Order may be amended by Joint Stipulation of all parties

or by Order of the Court.

IT IS SO ORDERED:

DATED at Denver, Colorado, this 23rd day of January, 2014.

                              BY THE COURT:

                              _____
                              Kristen L. Mix
                              United States Magistrate Judge

**SUBMITTED AND APPROVED BY:**

STINSON LEONARD STREET LLP

By:    /s/ Brian E. Sobczyk
       Perry L. Glantz, Atty. # 16869
       5613 DTC Parkway, Suite 970
       Greenwood Village, CO 80111
       Telephone:  (303) 376-8400
       Facsimile:  (303) 376-8439
       perry.glantz@stinsonleonard.com

       Brian E. Sobczyk, MO #53945
       1201 Walnut Street, Ste. 2900
       Kansas City, MO  64106
       Telephone:  (816) 842-8600
       Facsimile:  (816) 412-9308
       brian.sobczyk@stinsonleonard.com

ATTORNEYS FOR DEFENDANT
GUARANTY BANK AND TRUST
COMPANY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-00926-LTB-KLM

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

      Plaintiff,

v.

GUARANTY BANK AND TRUST COMPANY,
*et al.*,

      Defendants.

---

**DECLARATION**

---

I, _____, hereby declare as follows:

1.    I reside at _____ in the City of _____, County of _____, and State of _____. That I am an employee of _____;

2.    I have read the Protective Order dated _____, 2014, in *National Union Fire Insurance Company of Pittsburg, PA v. Guaranty Bank and Trust Company, et al.*, Case No. 1:13-cv-00926, in the United States District Court for the District of Colorado;

3.    I am familiar with, understand and agree to comply with and be bound by the terms of said Protective Order;

4.    I will not disclose to persons other than those specifically authorized by said Protective Order, and will not copy or use, except for the purposes of this litigation as defined in

the Protective Order, any documents or information obtained pursuant to said Protective Order;

5.      I understand and acknowledge that I shall not use any documents or information obtained pursuant to the Protective Order for any purpose other than those within the context of this litigation and shall not use such material for business purposes; and

6.      I consent to the jurisdiction of the United States District Court for the District of Colorado, and to venue in that Court, even after final adjudication, including settlement or other disposition, of this case, to enforce the Protective Order, to punish disobedience of the Protective Order, and to decide all issues involving the Protective Order, even if I reside or am employed outside the District of Colorado.

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge, information and belief.

_____
(signature)

_____
(printed name)

_____
(title/position)

Dated: _____

2