IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00926-LTB-KLM

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, as Subrogee and Assignee for The Hain Celestial Group, Inc.,

    Plaintiff,

v.

GUARANTY BANK AND TRUST COMPANY,
JOHN D. WAGNER,
JEFFREY M. WAGNER, and
KRISTIE WAGNER,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Compel Defendant Jeffrey M. Wagner to Produce Documents and Respond to Plaintiff's Interrogatories** [#58] (the "Motion"). Defendant Jeffrey Wagner, who proceeds in this matter as a pro se litigant, has not filed a Response, and the time in which to do so, as permitted by D.C.COLO.LCivR 7.1(d), has now passed. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that pro se litigants must follow the same procedural rules that govern other litigants).

Plaintiff asserts that, despite multiple attempts at contacting Defendant Jeffrey Wagner, he has failed to respond to written discovery and failed to confer or otherwise communicate with Plaintiff regarding his discovery obligations. *See Exs. D & E* [#58] at 31-36 (providing copies of written correspondence to Defendant Jeffrey Wagner). Plaintiff

states that Defendant Jeffrey Wagner's responses to Plaintiff's First Set of Interrogatories, *Ex. A* [#58] at 6-18, were due not later than March 25, 2014, and that his responses to Plaintiff's First Set of Requests for Production of Documents, *Ex. B* [#58] at 19-28, were due the same day.  Prior to the March 25, 2014 deadline, Plaintiff had withdrawn some of its initial discovery requests but had clearly identified those requests for which it still sought responses.  *See Ex. C* [#58] at 29-30; *see also Ex. F* [#58] at 37-39.

Pursuant to Fed. R. Civ. P. 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  As relevant here, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).

The Court finds that Plaintiff has met the requirements of Fed. R. Civ. P. 37(a).  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#58] is **GRANTED**.

IT IS FURTHER **ORDERED** that, **on or before June 12, 2014**, Defendant Jeffrey Wagner shall produce documents responsive to Request Nos. 5, 6, 7, 9, 11, 12, and 14 of Plaintiff's First Set of Requests for Production of Documents.  *See Ex. B* [#58] at 19-28; *Ex. C* [#58] at 29-30.

IT IS FURTHER **ORDERED** that, **on or before June 12, 2014**, Defendant Jeffrey Wagner shall respond to Interrogatory Nos. 1, 4, 6, 7, 8, 9, 10, 12, 13, 14, 16 and 18 of Plaintiff's First Set of Interrogatories.  See *Ex. A* [#58] at 6-18; *Ex. C* [#58] at 29-30.

**Defendant Jeffrey Wagner is warned that failure to comply with this Order and to participate in this lawsuit in the future will result in the imposition of sanctions.**

Dated:  May 14, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge