IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   13-cv-00926-LTB-KLM

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, As Subrogee and Assignee for, THE HAIN CELESTIAL GROUP, INC.,

       Plaintiff,

v.

GUARANTY BANK AND TRUST COMPANY,
JEFFREY M. WAGNER,
JOHN D. WAGNER,
KRISTIE WAGNER,

       Defendants.

_____

ORDER
_____

This matter is before me on a Motion to Strike Defendant Jeffrey M. Wagner's Answer and Affirmative Defenses and for Summary Judgment filed by Plaintiff National Union Fire Insurance Company of Pittsburgh, PA, as subrogee and assignee for the Hain Celestial Group, Inc. [**Doc #86**]  Defendant Jeffrey M. Wagner, who is not represented by counsel in this matter, has not responded to the motion.  Oral arguments would not materially assist me in my determination.  After consideration of the parties' arguments, and for the reason stated, I GRANT the motion to strike.  In addition, I GRANT IN PART and DENY IN PART the motion for summary judgment and, as such, I ENTER JUDGMENT in favor of Plaintiff, and against Defendant Jeffrey M. Wagner, on Plaintiff's Fifth Claim for Relief for Theft.

### I.  MOTION TO STRIKE

Plaintiff paid a claim on a Crime Loss Insurance Policy it issued to Hain Celestial Group,

Inc. ("Hain"), the parent company of Celestial Seasonings, following the embezzlement of funds by its former employee, Defendant Jeffrey M. Wagner. Hain executed an Assignment and Release pursuant to which it assigned to Plaintiff all rights to pursue the claims raised here. Plaintiff, as Hain's subrogee, raises three claims for relief against Defendant Jeffrey M. Wagner – for Unjust Enrichment; Conversion; and Theft – in its Amended Complaint dated September 26, 2013. [Doc #30]  Defendant, acting *pro se*, filed his Answer with Affirmative Defenses to the Amended Complaint in which he generally denied all the allegations against him and set forth a laundry list of possible affirmative defenses. [Doc #54]

Thereafter, on April 8, 2014, Plaintiff filed a Motion to Compel Defendant Jeffrey M. Wagner to Produce Documents and Respond to Plaintiff's Interrogatories [Doc #58]. On May 14, 2014, Magistrate Judge Kristen L. Mix granted the motion to compel upon finding that Plaintiff had met the requirements of Fed. R. Civ. P. 37(a). As such, Magistrate Mix ordered that "on or before June 12, 2014, Defendant Jeffrey Wagner shall produce documents responsive to Request Nos. 5, 6, 7, 9, 11, 12, and 14 of Plaintiff's First Set of Requests for Production of Documents" and "on or before June 12, 2014, Defendant Jeffrey Wagner shall respond to Interrogatory Nos. 1, 4, 6, 7, 8, 9, 10, 12, 13, 14, 16 and 18 of Plaintiff's First Set of Interrogatories." In addition, the ordered warned him "that failure to comply with this Order and to participate in this lawsuit in the future will result in the imposition of sanctions." [Doc #64]

In this motion to strike, Plaintiff asserts that Defendant has not complied with Magistrate Mix's order and has not produced any response to the discovery requests. [Doc # 86] As such, Plaintiff asks that I strike Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint [Doc #54] pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii), which provides that "[i]f a

party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders [including] . . . (iii) striking pleadings in whole or in part . . .". *Id.*  In so requesting, Plaintiff's counsel indicates that he believes, based on a report in the local newspaper, that Defendant was sentenced to a term of imprisonment on May 30, 2014, following a guilty plea as discussed below, and is currently incarcerated. [Doc #86 Ex. G]  As such, Plaintiff's counsel avers that he "has no reason to believe Mr. Wagner intends to comply with the May 14, 2014 Order, or otherwise defend himself in this action."

A district court's discretion to choose a sanction under Fed. R. Civ. P. 37(b)(2)(A) "is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)(*quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982)).  The Tenth Circuit has identified five factors a court should consider when assessing a request pursuant to Fed. R. Civ. P. 37(b)(2):

> (1) the degree of actual prejudice . . . ; (2) the amount of interference with the judicial process; . . .  (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds, supra,* 965 F.2d. at 921 (citations omitted).  "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Id*. at 920.

As an initial matter, I note that while Plaintiff does not seek entry of default judgment against Defendant, it asks that I strike Defendant's answer and his affirmative defenses.  As such, it appears that Plaintiff intends that dismissal will be the ultimate sanction imposed and that law is clear that "dismissal represents an extreme sanction appropriate only in cases of

willful misconduct" as "[i]n many cases, a lesser sanction will deter the errant party from further misconduct." *Id.* at 920 (citations omitted). "Particularly in cases in which a party appears *pro se*, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Id.* at 920 n.3 (*citing Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982)(per curium)).

Defendant has failed to participate in discovery since the action was filed. He has failed to obey the Magistrate Judge's order specifically compelling discovery, resulting in prejudice to Plaintiff in the form of delay, its inability to prepare its case, and ever-increasing attorney fees and costs, as well as creating substantial interference with the judicial process. The order, dated May 14, 2014, was issued prior to his guilty plea and apparent sentencing and incarceration, and would have been sent to his address of record. Defendant has provided no justification for his failure to comply, or indeed to participate in discovery at all. As a result, Defendant has wilfully failed to comply with a direct court order. Defendant was warned by the court that failure to comply would result in sanctions, and I find that given the repeated unwillingness to comply with his obligations and participate in this lawsuit, that a lesser sanction would likely be ineffective. I agree with Plaintiff that Defendant Jeffrey M. Wagner's willful failure to comply, coupled with the explicit warning that such failure would result in sanctions warrants the imposition of such sanctions under Fed. R. Civ. P. 37(b)(2)(A). Furthermore, based on the circumstances presented here, I find that striking his Answer and Affirmative Defenses to the Amended Complaint [Doc #54] is a fair and appropriate sanction for his failure to respond or participate in this litigation. *See generally Microsoft Corp. v. Computers Plus USA, Inc.,* 2007

WL 1725277 (D.Colo. 2007) (unpublished)(ruling that striking the defendants' answer was a "just" sanction).   As such, I grant Plaintiff's motion to strike.

## II. MOTION FOR SUMMARY JUDGMENT

Plaintiff also seeks entry of summary judgment in its favor on two of its claims against Defendant Jeffrey M. Wagner for Conversation (Fourth Claim for Relief) and Theft (Fifth Claim for Relief) pursuant to Fed. R. Civ. P. 56.  I again note that Defendant Jeffrey M. Wagner has not responded to this motion, which was sent to his address of record.

Specifically, Plaintiff claims that summary judgment is appropriate on its claims for Conversion and Theft pursuant to the doctrine of issue preclusion.   In support of this argument, Plaintiff refers me to a Plea Agreement and Advisement Pursuant to Fed.R.Crim.P. 11 [Doc #86 Ex. B] in which Defendant Jeffrey M. Wagner pled guilty to a theft charge and a forgery charge in the District Court of Boulder County Colorado, Case No. 12CR1792, on March 20, 2014.  The factual basis for the guilty plea was that while Defendant Jeffrey M. Wagner was employed by Celestial Seasonings he stole $1.8 million from the company and forged documents as part of that theft scheme. [Doc #86 Ex. A]  Because Defendant Jeffrey M. Wagner admitted stealing from Celestial Seasonings, Plaintiff argues that it is entitled to summary judgment against him as a matter of law, and entry of judgment in the amount of $1.8 million on Counts Four and Five in the Amended Complaint.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." Fed. R. Civ. P. 56(c).  As the nonmoving party, Defendant has the burden of

demonstrating that there are specific facts which would preclude entry of summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Where a movant has met the initial burden required to support summary judgment, the non-movant then 'must either establish the existence of a triable issue of fact under Fed. R. Civ. P. 56(e) or explain why he cannot . . . under Rule 56(f).'" *United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997)(*quoting Pasternak v. Lear Petroleum Exploration*, 790 F.2d 828, 832 (10th Cir. 1986)).

The doctrine of issue preclusion holds that a court's final decision on an issue actually litigated and decided precludes litigation of that issue in subsequent actions. *A-1 Auto Repair & Detail, Inc. v. Bilunas-Hardy,* 93 P.3d 598, 600 (Colo. App. 2004); *see also Terrones v. Allen,* 680 F.Supp. 1483, 1487-88 (D.Colo. 1988)(*citing Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973)). In Colorado, issue preclusion bars re-litigation of an issue decided in a prior proceeding when: (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. *In re Water Rights of Elk Dance Colo., LLC*, 139 P.3d 660, 667 (Colo. 2006). The burden of establishing these elements rests with the party seeking preclusion. *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 85 (Colo. 1999).

In *Allen v. Martin,* 203 P.3d 546 (Colo. App. 2008), a panel of the Colorado Court of Appeals considered whether the plaintiff's guilty plea to securities fraud and theft had preclusive

effect for purposes of her malpractice and breach of fiduciary duty claims against her attorney. *Id*. at 560. The court first noted that "whether a guilty plea is preclusive in a subsequent civil proceeding on issues admitted by the plea remains unresolved in Colorado." *Id.* at 561 (*comparing Jiron v. City of Lakewood*, 392 F.3d 410, 416 (10th Cir. 2004) *with McCormick v. United States*, 539 F.Supp. 1179, 1183 (D.Colo. 1982)). However, it further determined that the only questionable factor, as to whether issue preclusion applied, was the first element; namely, whether the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding. *Allen v. Martin, supra*, 203 P.3d at 561.

In that case, as here, the plaintiff's guilty plea conformed with Rule 11 and the plaintiff did not point to anything in the record that was at odds with her admissions during her guilty plea hearing or that she was seeking to set aside her plea. In addition, the availability of a *nolo contendre* plea in Colorado "significantly diminishes policy considerations disfavoring preclusion." Id. at 565. Thus, on the facts in that case, the *Allen v. Martin* court concluded that the plaintiff's "guilty plea also meets the 'actually litigated' factor for determining issue preclusion." *Id.* at 565. Although the court specifically noted that it "express[ed] no opinion on the preclusive effect of a guilty plea in subsequent civil litigation if the defendant had sought to avoid those consequences by entering a *nolo contendere* plea, but that option was foreclosed by either the prosecution or the trial court," *id.*, such claims are also not made here.

Therefore, applying the reasoning of *Allen v. Martin, supra*, I conclude that the guilty plea made by Defendant Jeffrey M. Wagner in this case meets the elements of issue preclusion of his theft of $1.8 million dollars from his employer, Celestial Seasonings. *Id.* at 565; *see also Jiron v. City of Lakewood*, *supra*, 392 F.3d at 416 (holding that "the courts of Colorado would

accord preclusive effect to a guilty plea in a subsequent civil proceeding"); *A-1 Auto Repair v. Bilunas-Hardy*, *supra*, 93 P.3d at 601 (noting that "[t]o preclude a civil litigant from relitigating an issue previously found against him in a criminal prosecution is less severe than to preclude him from re-litigating such an issue in successive civil trials . . .").

The elements of a civil theft claim require Plaintiff to show that Defendant "knowingly obtain[ed] or exercis[ed] control over anything of value of [the Plaintiffs] without authorization . . . and . . . intend[ed] to deprive the [Plaintiff] permanently of the use or benefit of the thing of value." *West v. Roberts,* 143 P.3d 1037, 1040 (Colo. 2006); *see also Martinez v. Nash Finch Co.* 886 F.Supp.2d 1212, 1222 (D.Colo. 2012); Colo. Rev. Stat §18-4-401 and §18-4-405 (providing for the recovery of civil damages). Defendant's guilty plea, which admitted to criminal theft based on the factual predicate that he stole $1.8 million from Celestial Seasoning while employed there, proves Plaintiff's claim against him for civil theft. As such, I conclude that Plaintiff is entitled to summary judgment against Defendant Jeffrey M. Wagner on its Fifth Claim for Relief for Theft. *See A-1 Auto Repair v. Bilunas-Hardy*, *supra*, 93 P.3d at 603 (affirming entry of summary judgment against the defendant when the doctrine of issue preclusion established the fact of theft based on former employee's criminal conviction of the same theft).

However, the same is not true for its claim for Conversion. The elements of Conversion, under Colorado law, requires "actual dominion over the property of another, a demand by the owner for return of the property, and refusal of the demand by the other party." *Internet Archive v. Shell,* 505 F.Supp.2d 755, 763 (D.Colo. 2007). Defendant's guilty plea does not admit to a demand (and then refusal) for return of the property taken. As such, Plaintiff is not entitled to

summary judgment against Defendant Jeffrey M. Wagner on its Fourth Claim for Relief for Conversion.

ACCORDINGLY, I GRANT IN PART and DENY IN PART the Motion to Strike Defendant Jeffrey M. Wagner's Answer and Affirmative Defenses and for Summary Judgment [**Doc #86**] as follows:

1) I GRANT the Motion to Strike and, as such, I STRIKE Defendant Jeffrey Wagner's Answer with Affirmative Defenses to the Amended Complaint [Doc #54] pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii);

2) I GRANT IN PART the Motion for Summary Judgment in that JUDGMENT ENTERS in favor of Plaintiff, and against Defendant Jeffrey M. Wagner, on Plaintiff's Fifth Claim for Relief against him for Theft; and

3) I DENY the Motion for Summary Judgment to the extent that is seeks judgment in favor of Plaintiff on its Fourth Claim for Relief against Defendant Jeffrey M. Wagner for Conversion.

March 2, 2015, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge