IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 13-cv-00926-LTB-KLM

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, As Subrogee and
    Assignee for, THE HAIN CELESTIAL GROUP, INC.,

      Plaintiff,

v.

GUARANTY BANK AND TRUST COMPANY,
JEFFREY M. WAGNER,
JOHN D. WAGNER,
KRISTIE WAGNER,

      Defendants.
_____

ORDER
_____

      This matter is before me on a Motion for Partial Summary Judgment or, In the Alternative, For an Order Limiting Plaintiff's Damages Claim, filed by Defendant Guaranty Bank and Trust Company ("Guaranty Bank"). [**Doc #69**]  The motion seeks either judgment in Guaranty Bank's favor, or an order limiting damages, on the sole claim raised against it by Plaintiff National Union Fire Insurance Company of Pittsburgh, PA.  Oral arguments would not materially assist me in my determination.  After consideration of the parties' arguments, and for the reason stated, I GRANT the motion and ENTER SUMMARY JUDGMENT in favor of Defendant Guaranty Bank.

**I. Background**

      Plaintiff – an insurance company – issued a Crime Loss Insurance Policy to Hain Celestial Group, Inc. ("Hain"), the parent company of Celestial Seasonings.  In September of 2006, Celestial Seasonings hired Defendant Jeffrey M. Wagner as a Distribution Manager, where

he remained employed in that capacity until June of 2012.  During his employment, Jeffrey Wagner embezzled monies from Celestial Seasonings by submitting fraudulent freight invoices to his employer for payment to a fictional freight vendor named "JDW."  Celestial Seasonings paid 233 of the JDW invoices, via corporate checks, in the aggregate amount of $1,787,987.70.

The checks – which were drawn on an account held by Hain at Bank of America – were made payable to JDW and were mailed to the address provided on JDW's vendor application, which was actually the residential address of Defendant John D. Wagner (Jeff Wagner's father).  It is alleged that the Wagners (collectively, Defendants Jeffrey Wagner, John D. Wagner and Kristie Wagner, Jeffrey's wife) illegally endorsed the checks issued by Celestial Seasonings to JDW, and then deposited them into one or more of their personal bank accounts at Defendant Guaranty Bank.  The check were subsequently presented by Guaranty Bank to Bank of America for payment.

After discovering the embezzlement, Hain submitted a claim to Plaintiff under its Crime Loss Insurance Policy for the sums paid by Celestial Seasonings to JDW on the fraudulent invoices.  Thereafter, Hain agreed to a full settlement of its loss claim with Plaintiff, and executed an Assignment and Release pursuant to which Hain assigned Plaintiff its rights to pursue the claims raised here.  As a result, Plaintiff filed this action, as Hain's subrogee, against the Wagners and Guaranty Bank.  In its amended complaint, Plaintiff raises three claims for relief against the Wagners for Unjust Enrichment (Third Claim for Relief); Conversion (Fourth Claim for Relief); and Theft (Fifth Claim for Relief). [Doc #30]   In addition, Plaintiff asserts a claim against Guaranty Bank for Breach of Warranties under the Colorado Uniform Commercial Code ("UCC")(Second Claim for Relief).  Specifically, Plaintiff asserts that Guaranty Bank

breached its warranties under Colorado Revised Statute §4-3-416, §4-3-417, 4-4-207, and §4-4-208 accepting "deposits of checks into the personal accounts of the Wagners that contained forged endorsements and breached [UCC ] warranties . . . that obligated Guaranty [Bank] to only accept deposits that contained proper endorsements." [Doc #30 ¶45]  Plaintiff avers that Guaranty Bank breached its UCC presentment and transfer warranties it owed to Bank of America, and that Bank of America has, in turn, assigned to Plaintiff its rights and claims against Guaranty Bank for such breaches. [Doc #30 ¶46, Ex. A]  Plaintiff also asserts that it suffered damages as a result of Guaranty Bank's breaches.  [Doc #30 ¶47]

In this motion, Guaranty Bank seeks summary judgment in its favor on Plaintiff's claim for breach of its UCC transfer or presentment warranties on the basis that Plaintiff, as the assignee of Bank of America, cannot establish any recoverable damages.  Or, in the alternative, it seeks an order limiting Plaintiff's damages on this claim to those actually incurred, if any, by the Bank of America.

## II. Standard of Review

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). If there is no genuine issue of material fact in dispute, then a court must determine whether the movant is entitled to judgment in its favor as a matter of law.  *See, e.g., Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex v. Catrett, supra*, 477 U.S. at 322.

## III. Analysis

Guaranty Bank argues that it is entitled to summary judgment on Plaintiff's UCC breach of warranty claim against it because, as a matter of law, Plaintiff cannot establish that Bank of America incurred any recoverable damages as a result of the alleged breach. In so arguing, Guaranty Bank assumes that its actions in accepting for deposit the 223 checks made out to JDW – on the Celestial Seasonings account held at Bank of America – into the personal accounts of the individual Defendants violated Colorado Revised Statute §4-4-401 which requires that a bank may not charge against an account an item that is not properly payable. *Isaac v. American Heritage Bank and Trust Co.*, 675 P.2d 742, 744 (Colo. 1984)(ruling that a bank may not charge against an account an item that is not properly payable, pursuant to §4-4-401, and in such a case the customer may demand that his account be recredited). In turn, Guaranty Bank concedes liability – for the purposes of this motion – in the breach of its presentment warranty to Bank of America for its presentment and demand for payment of those checks in violation of Colorado Revised Statute §4-4-208. *See also* Colo. Rev. Stat. §4-3-417 (regarding negotiable instruments); *Vectra Bank v. Bank W.*, 890 P.2d 259, 262 (Colo. App. 1995)(holding that a bank that accepts a check with an unauthorized endorsement warrants its validity to subsequent transferees).

Guaranty Bank maintains, however, that Plaintiff's claim must be dismissed in that Bank of America incurred no damages as a result of that breach because it was reimbursed in full for the payments it made on those checks. Plaintiff, in response, asserts that Guaranty Bank has not provided legal authority for the proposition that a payor bank's breach of warranty claim against a depositary bank is limited to loss actually incurred. It argues that the UCC does not require the payor to incur out-of-pocket losses in order for a breach of warranty claim to accrue.

As an initial matter, I note that Plaintiff's claim is grounded in Guaranty Bank's breach of its presentment warranties to Bank of America pursuant to Colorado Revised Statute §4-4-208. Presentment warranties are imposed on a presenting bank (here, Guaranty Bank) that obtains payment or acceptance of a draft in favor the payor bank that pays the draft (here, Bank of America). *See* 2A Colo. Prac., Methods Of Practice §84:15 (6th ed.); *see also* Colo. Rev. Stat §4-4-105(6)(defining a "presenting bank") and §4-4-105(3)(defining a "payor bank"). The specific presentment warranty that is alleged to have been breached by Guaranty Bank is that "[t]he warrantor is, or was, at the time the warrantor transferred the draft, a person entitled to enforce the draft or authorized to obtain payment or acceptance of the draft on behalf of a person entitled to enforce the draft." Colo. Rev. Stat §4-4-208(a)(1). To the extent that Plaintiff argues that Guaranty Bank also breached a transfer warranty to Bank of America, pursuant to Colo. Rev. Stat §4-4-207, I disagree. "[P]resentment warranties are imposed for the benefit of payor banks and transfer warranties are imposed for the benefit of transferees and subsequent collecting banks . . .". 2A Colo. Prac., Methods Of Practice §84:15 (6th ed.)(noting that transfer warranties are imposed on a collecting bank); *see also* Colo. Rev. Stat §4-4-207(a); §4-4-105(5); and §4-4-105(3).

The UCC sets forth the recoverable damages on a breach of presentment warranty claim as follows:

> A drawee making payment may recover from a warrantor damages for breach of warranty equal to the amount paid by the drawee less the amount the drawee received or is entitled to receive from the drawer because of the payment. In addition, the drawee is entitled to compensation for expenses and loss of interest resulting from the breach. . . .

Colo. Rev. Stat §4-4-208(b). Under this section, Bank of America (as the drawee making payment) may recover from Guaranty Bank (as the warrantor) damages of the amount paid by

Bank of America minus the amount Bank of America received from the drawer (Celestial Seasonings).  Plaintiff does not challenge Guaranty Bank's assertion that it is undisputed that Bank of America did not sustain damages because the amount it paid on the fraudulently endorsed checks presented by Bank of America was reimbursedl in Celestial Seasonings' account.  In addition, Plaintiff concedes that it may only recover the damages that Bank of America itself could have recovered.  *See Abady v. Certain Underwriters at Lloyd's London Subscribing to Mortg. Bankers Bond-No. MBB-06-0009,* 317 P.3d 1248, 1252 (Colo. App. 2012)(ruling that with respect to an assignment, an assignee stands in the assignor's shoes and takes only as good a claim as his assignor had)(citations omitted).  Thus, I agree with Guaranty Bank that Plaintiff is not entitled to recover any damages for payment on the fraudulently endorsed checks presented to Bank of America for payment.  In so doing, I reject Plaintiff's contention that the statutory language and well reasoned case law holds otherwise.  I find that the statutory language does not support this assertion, and that Plaintiff's cited case law is not binding nor persuasive.  *See e.g. Lewittes Furniture Enterprises, Inc. v. Peoples Nat. Bank of Long Island,* 82 Misc.2d 1013, 1015, 372 N.Y.S.2d 830, 832 - 833 (N.Y. Dist.Ct. 1975)(ruling that lawsuits by assignees of drawee banks have been upheld on challenges that if the drawee sustained no damages, the assignee must be barred from suing the collecting bank)(citations omitted).

Furthermore, although recoverable damages include "compensation for expenses and loss of interest resulting from the breach" of a presentment warranty under Colo. Rev. Stat §4-4-208(b), Plaintiff does not claim, nor does the record indicate, that Bank of America incurred any such expenses.  Additionally, to the extent that Plaintiff asserts that Bank of

America was damaged because it incurred attorney fees in connection with the negotiation of the agreement that assigned its claims to Plaintiff, I note that such attorney fees are not recoverable damages for breach of UCC warranties under Colorado law. *See Vectra Bank v. Bank W.*, *supra*, 890 P.2d at 264 (ruling that while the statute might authorize the award of attorney fees expended by a payor bank in defending an action brought against it by a third party as a result of the breach of warranty, there is no statutory authorization for recovery of "the attorney fees incurred . .. in prosecuting this action" as such fees are not damages for breach of a transfer warranty under former Colorado Revised Statute §4-4-207(3)).

Finally, I reject Plaintiff's argument that by allowing it to amend its breach of UCC warranties claim, as set forth in my order on the motion to amend dated September 26, 2013 [Doc #29], I somehow decided the merits of Guaranty Bank's argument that Plaintiff's damages are limited to those that were incurred by Bank of America. Rather, I allowed the amendment so that Plaintiff could supplement its claim by asserting that Bank of America assigned its rights and claims against Guaranty Bank to Plaintiff pursuant to Fed. R. Civ. P. 15(a), which provides that leave to amend "shall be freely given when justice so requires," and the requirement that amendments be freely allowed in the absence of a narrowly defined set of exceptional circumstances. In so doing, I declined to address Guaranty Bank's argument that the request to amend was futile, on the basis that "[t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." [Doc #29] My prior ruling allowing amendment of Plaintiff's complaint neither addressed nor ruled upon Guaranty Bank's argument here.

Therefore, I conclude that Plaintiff cannot establish any damages recoverable by its

assignee, Bank of America, against Defendant Guaranty Bank for its alleged breach of its presentment warranty to Bank of America under Colorado Revised Statute §4-4-208(b). As such, Defendant Guaranty Bank is entitled to summary judgment in its favor on Plaintiff's Second Claim for Relief against it for breach of its UCC warranties. And, because I have ruled in favor of Defendant Guaranty Bank on its request for summary judgment on Plaintiff's claim for breach of Guaranty Bank's presentment warranty to Bank of America, I do not address its alterative argument that it is entitled to an order limiting Plaintiff's damages to those "actually incurred by Bank of America, if any."

ACCORDINGLY, I GRANT the Motion for Partial Summary Judgment or, In the Alternative, For an Order Limiting Plaintiff's Damages Claim filed by Defendant Guaranty Bank and Trust Company. [**Doc #69**]  As a result, I ENTER SUMMARY JUDGMENT, as a matter of law, in favor of Defendant on the Second Claim for Relief filed against it by Plaintiff National Union Fire Insurance Company of Pittsburgh, PA., for Breach of Colorado UCC Warranties (Second Claim for Relief) and, as such, I DISMISS Defendant Guaranty Bank as a party to this matter and I AWARD Guaranty Bank its costs.

Dated: March  5 , 2015,  in Denver, Colorado.

                                      BY THE COURT:

                                         s/Lewis T. Babcock
                                      Lewis T. Babcock, Judge